## PEOPLE *v.* SMITH.

1. INTOXICATING LIQUORS—CRIMINAL LAW.
   Conviction of possessing and transporting intoxicating liquors is affirmed, on review.

2. SAME—EVIDENCE—INFERENCE—PRESUMPTION.
   Inference from finding bottle of intoxicating liquor in defendant's automobile after accident that it was his liquor and that he was guilty of knowingly possessing and transporting it remains in case and is to be weighed against whatever proof to contrary is produced, and it is not a presumption which departs when credible evidence is in case. WIEST, C. J., and BUTZEL and SHARPE, JJ., dissenting.

Error to Montcalm; Hawley (Royal A.), J. Submitted January 16, 1930. (Docket No. 150, Calendar No. 34,740.) Decided March 7, 1930.

Fred Smith was convicted of possessing and transporting intoxicating liquor. Affirmed.

*Dunham & Cholette* (*L. Frank McKnight*, of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, and *D. Hale Brake,* Prosecuting Attorney, for the people.

WIEST, C. J. Defendant was convicted of possessing and transporting intoxicating liquor and prosecutes review by writ of error.

At the examination, before a magistrate, defendant's motion for discharge was denied. Upon arraignment in the circuit court defendant moved to quash the information because of insufficient evidence at the examination. The evidence before the examining magistrate was sufficient to hold defendant to answer to an information, and the court was not in error in denying the motion to quash.

It is claimed that the potability of the liquor was not shown at the examination. A deputy sheriff testified that he was able to tell moonshine whisky by smell, smelled the contents of the bottle, and it was moonshine whisky. We think this sufficient.

Defendant was driving his automobile on a highway, the car turned turtle, in helping the occupants out a witness found a quart bottle with liquid in it in the car, laid the bottle at the side of the road, then picked it up, refused defendant's request for it, and, shortly thereafter, delivered the bottle to an officer. An analysis, in evidence at the trial, disclosed that the bottle contained moonshine whisky, having an alcoholic content by volume of 40.1 per cent. Three men beside defendant were helped out of the overturned car, and the court admitted testimony tending to show that defendant was intoxicated.

Counsel for defendant cite *People* v. *Thompson,* 238 Mich. 171, in support of alleged error in the ruling. The *Thompson Case* is no authority for

holding that, in a prosecution for possessing and transporting intoxicating liquor, it is reversible error to admit testimony tending to show that at the very time defendant was so violating the liquor law he was intoxicated. The court was not in error in admitting the testimony. Defendant testified, and was permitted to call witnesses to show his reputation for sobriety and good behavior, but not his general reputation for truth and veracity. The fact that defendant's testimony was in flat contradiction of testimony of witnesses called by the prosecution did not accord him the right to support his credibility by testimony of his general reputation for truth and veracity. Exceptions to the rule excluding such testimony are sometimes recognized, but no special reason for departing from the general rule appears in this record. Defendant denied having any knowledge of the liquor being in his automobile.

Error is assigned upon the following instruction to the jury:

"The presumption of law is that he knew that this liquor was in his car and that he was transporting it at the time in question. This presumption of law to which I have referred, the presumption that by reason of its having been found in his car, a car over which he had control and was engaged in driving at that time, is that he knew it was there. The presumption is that it was in his possession. That is the legal presumption. That presumption, however, is a rebuttable presumption; it is not a conclusive one. It is a presumption of fact and not a presumption of law."

The law permits reasonable inferences from facts proved. The bottle of liquor was in defendant's car. This fact, in the absence of explanatory evidence,

justified the reasonable presumption or immediate inference that defendant was fully aware of the presence of the liquor. An admissible presumption, *prima facie,* operates to the extent of having the other party proceed to proof on the subject. The presumption does not shift the burden of proof nor admit of weighing the presumption against credible evidence. The presumption departs when credible evidence is in the case. If the evidence creates a reasonable doubt, the presumption cannot serve in solving the doubt; for evidence, and not a presumption, must be weighed against evidence, and the prosecution has, at all times, the burden of proof. The extract from the charge, however, is but a part of the instruction applicable to the subject. We quote further from the charge:

"It doesn't devolve upon him to prove beyond a reasonable doubt or by a preponderance of the evidence that his claim that he didn't know that the liquor was there is true. On the other hand, it devolves upon the people to establish beyond a reasonable doubt that it isn't true and wasn't true at the time, and in order to determine in respect to that you have the right and it is your duty to consider the various items of evidence that bear on that proposition and ascertain what the real facts are. Did he or did he not know? * * *

"I charge you further that possession must be a knowing possession, that is, an intelligent, conscientious appreciation of the fact that one has liquor in his possession and unless you find that the respondent in this case had such knowledge you must bring in a verdict of not guilty."

The error assigned is not well taken.

Complaint is made of the following instruction to the jury:

"The people claim that he did know that it was there; they claim that it is an improbable story that someone introduced that bottle of liquor into his car that afternoon without his knowledge or consent."

In the brief for defendant it is stated:

"At no time during the trial of the case was any claim made by the respondent or any one else that someone introduced the bottle of liquor into respondent's car in the afternoon in question. Respondent's claim was and still is a simple one; that if the liquor was in his car on the day in question it was there without his knowledge or consent."

Defendant's first request for instruction to the jury follows and answers the point:

"Respondent claims that he did not own the bottle nor its contents nor did he know anything about it and that if it was in the automobile it was placed there by some other person and without his knowledge or consent."

We find no reversible error. Affirmed.

BUTZEL and SHARPE, JJ., concurred with WIEST, C. J.

NORTH, J. (*concurring*). While I concur with Chief Justice WIEST for affirmance, I am not in accord with that portion of his opinion wherein he treats the fact that the bottle of liquor was found in the defendant's automobile as a "presumption" and says: This presumption cannot be weighed "against credible evidence. The presumption departs when credible evidence is in the case." By fair and logical inference the fact might well be found that this bottle of liquor in plaintiff's automobile while being driven by him was his liquor, and

that he was guilty of knowingly possessing and transporting it. This inference is justified by the circumstances proven. Such is often the only evidence obtainable against one charged with unlawful possession or transportation of intoxicating liquor. It is circumstantial evidence, and the inference logically drawn therefrom must remain in the case and be weighed against whatever proof to the contrary is produced. It is not a "presumption (which) departs when credible evidence is in the case." Otherwise, if the defendant denied knowledge of the presence of the liquor in his automobile, and his testimony was unimpeached and seemed credible, in the absence of other proof the trial court would be compelled to direct a verdict of acquittal.

The dividing line between a logical inference and a presumption which "winks out" in the face of contrary credible proof is not always clear. The terms presumption and inference are often used synonymously in legal writings. See 10 R. C. L. p. 867. The matter of legal phraseology is of secondary consequence, but this court ought not to hold that a justifiable inference from circumstantial evidence is to be disregarded upon the production of positive and credible evidence on the other side of the controverted issue of fact. I concur in affirmance.

CLARK, POTTER, and FEAD, JJ., concurred with NORTH, J. McDONALD, J., did not sit.